1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11   ADAM GARCIA,                          )
                                           )
12              Petitioner,                )        3: 09-cv-0728-ECR-VPC
                                           )
13   vs.                                   )
                                           )        **ORDER**
14   JACK PALMER, et al.,                  )
                                           )
15              Respondents.               )
     _____/
16

17

18          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

19   petitioner, a state prisoner is proceeding *pro se*.  Pending before the court is respondents' motion to

20   dismiss.  (Docket #9.)   Petitioner opposes the motion.

21                    **PROCEDURAL HISTORY IN STATE COURT**

22          On August 31, 2003, the Ninth Judicial District Court entered a judgment of

23   conviction against petitioner.  Exhibit 15.  Pursuant to a guilty plea, petitioner was sentenced to a

24   term of six to twenty years for the crime of attempted sexual assault, a consecutive term of six to

25   twenty years on a deadly weapon enhancement, and a concurrent term of twelve to thirty months for

26   the crime of indecent exposure, second offense.  *Id*.  Petitioner did not file a direct appeal.

1    On May 24, 2005, the court received a petition for writ of habeas corpus from

2  petitioner and docketed it as 3:05-cv-00308-PMP-RAM.  The court dismissed the petition without

3  prejudice on February 17, 2006, for lack of exhaustion.

4    On November 9, 2007, petitioner filed a petition for writ of habeas corpus (post-

5  conviction) in the state district court.  Exhibit 18.  The court appointed counsel to represent

6  petitioner.  Exhibit 19.  The state filed a motion to dismiss on January 15, 2008.  *See* Exhibit 20.

7  The district court held an evidentiary hearing on November 3, 2008.  Exhibit 25.  The district court

8  held that all of the claims raised in the petition were without merit, and that petitioner did not make a

9  timely request of counsel to lodge an appeal.  *Id.*

10    Petitioner filed an appeal to Nevada Supreme Court on February 5, 2009.  Exhibit 27.

11  Petitioner claim that the district court erred in finding his counsel was effective, because she failed to

12  file a direct appeal.  *Id.* at 5.  On November 13, 2009, the Nevada Supreme Court affirmed the denial

13  of petitioner's state petition.  Exhibit 32.  In so doing, the court wrote in part:

14          Garcia filed his habeas petition more than three years after the entry of
            his judgment of conviction.  Thus, Garcia's petition was untimely filed
15          and procedurally barred absent a demonstration of good cause for the
            delay and prejudice.  See NRS 34.726(1) .   .   .[W] conclude that the
16          district court should have granted the State's motion to dismiss
            Garcia's petition on procedural grounds alone.
17
    *Id.* at 2.

18    This court received the present petition on December 11, 2009, raising three grounds

19  for relief.  Docket #1.  Respondents now move to dismiss the petition on several grounds. (Docket

20  #9.)  Petitioner opposes the motion.  (Docket #12.)

21                              **LEGAL STANDARDS**

22    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

23  Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

24  enactment.  *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.

25  1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard*

26  *v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997),

1    *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding

2    AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after

3    the enactment of the AEDPA, thus it is governed by its provisions.

4            This court may entertain a petition for writ of habeas corpus "in behalf of a person in

5    custody pursuant to the judgment of a State court only on the ground that he is in custody in violation

6    of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

7            The AEDPA altered the standard of review that a federal habeas court must apply

8    with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v.*

9    *Taylor*, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

10   not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

11   involved an unreasonable application of, clearly established Federal law, as determined by the

12   Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

13   determination of the facts in light of the evidence presented in the State Court proceeding." 28

14   U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

15   Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120

16   S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

17   concludes in its independent judgment that the relevant state-court decision applied clearly

18   established federal law erroneously or incorrectly."  *Lockyer*, at 1174 (citations omitted).  "Rather,

19   that application must be objectively unreasonable."  Id. (citations omitted).

20           While habeas corpus relief is an important instrument to assure that individuals are

21   constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

22   *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

23   conviction is the primary method for a petitioner to challenge that conviction.  *Brecht v.*

24   *Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

25   determinations must be presumed correct, and the federal court must accept all factual findings made

26   by the state court unless the petitioner can rebut "the presumption of correctness by clear and

3

convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondents move to dismiss grounds one and two on the ground that they are unexhausted. In ground one, petitioner claims that his sentence is excessive under Nev. Rev. Stat. 193.330. (Docket #7 at 3.) In ground two, petitioner claims that a utility knife is not a "deadly weapon" pursuant to Nev. Rev. Stat. 193.165, and his sentence enhancement is thus unlawful. *Id*. at 5.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314 F.3d 371, 371 (9th Cir. 2002), *citing Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry*, 513 U.S. at 365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).

As set forth above, petitioner did not file a direct appeal from his judgment of conviction. Petitioner's state habeas corpus petition contained a single claim for ineffective

4

1    assistance of counsel.  Exhibit 30.  This court therefore finds that petitioner has not presented

2    grounds one and two to the Nevada Supreme Court and that these grounds for relief are thus

3    unexhausted.

4              Respondents further move to dismiss grounds one and two on the basis that they fail

5    to state a federal question.  In ground one, petitioner contends that his sentence is excessive pursuant

6    to Nev. Rev. Stat. 193.330.  (Docket 7, p. 3.)  In ground two, petitioner contends that the knife used

7    in the commission of his crime is not a "deadly weapon" under Nev. Rev. Stat. 193.165.  (Docket #,

8    p. 5.)  Habeas corpus relief pursuant to 28 U.S.C. § 2254 is available only on the ground that the

9    state prisoner is in custody in violation of the Constitution or laws or treaties of the United States.

10   28 U.S.C. § 2254(a).  Habeas corpus relief is not available to correct alleged errors in the state court's

11   application or interpretation of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480

12   (1991); *Middleton v. Cupp*, 768 F.2d 1083, 1084-85 (9th Cir.1985).  As respondents argue, petitioner

13   has not raised a federal basis for relief in either ground one or ground two.  Thus, this court cannot

14   grant relief on either of these two grounds.  It would therefore be fruitless for this court to allow

15   petitioner to return to state court to exhaust grounds one and two.

16             Finally, respondents move to dismiss ground three on the ground it is procedurally

17   barred.   Ground three contains a claim of ineffective assistance of appellate counsel.  As set forth

18   above, the Nevada Supreme Court found that ground three was procedurally barred.

19             "Procedural default" refers to the situation where a petitioner in fact presented a claim

20   to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the

21   merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state

22   court regarding that claim rested on a state law ground that is independent of the federal question and

23   adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

24             The *Coleman* Court stated the effect of a procedural default, as follows:

25             In all cases in which a state prisoner has defaulted his federal claims in
             state court pursuant to an independent and adequate state procedural
26             rule, federal habeas review of the claims is barred unless the prisoner
             can demonstrate cause for the default and actual prejudice as a result of

1    the alleged violation of federal law, or demonstrate that failure to
2    consider the claims will result in a fundamental miscarriage of justice.

3    *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural

4    default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

5    federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

6         To demonstrate cause for a procedural default, the petitioner must be able to "show

7    that some *objective factor external to the defense* impeded" his efforts to comply with the state

8    procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external

9    impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499

10   U.S. 467, 497 (1991).

11   With respect to the prejudice prong of cause and prejudice, the petitioner bears:
     the burden of showing not merely that the errors [complained of]
12   constituted a possibility of prejudice, but that they worked to his actual
     and substantial disadvantage, infecting his entire [proceeding] with
13   errors of constitutional dimension.

14   *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170
15
     (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner
16
     suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d
17
     528, 530 n.3 (9th Cir. 1988).
18
19        In addition, a petitioner can avoid the application of the procedural default doctrine by

20   demonstrating that the federal court's failure to consider his claims will result in a fundamental

21   miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that

22   the constitutional error of which he complains "has probably resulted in the conviction of one who is

23   actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*,

     477 U.S. at 496).
24
25        In affirming the decision of the district court denying ground one of the petition for

26   writ of habeas corpus, the Nevada Supreme Court cited NRS 34.810(1)(b)(2). The Ninth Circuit

     Court of Appeals has held that the timeliness bar applied in this case - - NRS 34.726 - - is an

independent and adequate state ground for finding procedural default.  *Loveland v. Hatcher*, 231

F.3d 640, 642 (9th Cir. 2000).  The court finds that in opposing respondents' motion to dismiss,

petitioner has shown neither cause and prejudice or a fundamental miscarriage of justice related to

his failure to timely raise ground three in the state courts.   Accordingly, this court finds that ground

three is procedurally barred and will not address it.

       In order to proceed with an appeal, petitioner must receive a certificate of

appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

       Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

considered the issues raised by petitioner, with respect to whether they satisfy the standard for

issuance of a certificate of appealability, and determines that none meet that standard.  The Court

will therefore deny petitioner a certificate of appealability.

       **IT IS THEREFORE ORDERED** that respondents' motion to dismiss is

**GRANTED**.  (Docket # 9.)  Grounds one and two of this petition for writ of habeas corpus are

dismissed for failure to state a claim upon which relief can be granted.  Ground three is dismissed as

1   procedurally barred.

2             **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

3             **IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment

4   accordingly and shall close this case.

5

6

7

8             DATED this 26th day of August, 2010.

9

10                      _Edward C. Reed._
                        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26